**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 09:00 AM June 2, 2017**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| VINSON L. ROBINSON AND | ) | CASE NO. 16-62573 |
| RHONDA K. ROBINSON, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| | ) | |

     Now before the court is Vinson Robinson and Rhonda Robinson's ("Debtors") objection to proof of claim No. 7 filed by City of Canal Fulton Income Tax Department ("Creditor" or "City"). City's proof of claim was filed on February 7, 2017. On March 1, 2017, Debtors filed their objection. On March 30, 2017, Creditor filed a response and requested a hearing. On May 5, 2017, the court held a hearing on this matter. James Galehouse appeared on behalf of Debtors. Stephen Ginella appeared on behalf of City.

     The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

     This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

On December 17, 2016, Debtors filed their chapter 13 petition. Debtors included on schedule E a debt of $1,405 owed to City for income taxes from 2012. On February 7, 2017, City filed a priority proof of claim for taxes in the amount of $2,604.48. The claimed amount included income taxes, fines, and fees for the years 2012 and 2015. City's priority proof of claim states that Debtors owe $1,726.96 for 2012 and $878.52 for 2015. Based on City's supporting documentation the total amounts due for those years consists of the following:

| Year | 2012 | 2015 |
| --- | --- | --- |
| Tax Due | $748.74 | $584.39 |
| Interest | $285.92 | $52.58 |
| Late File Penalty | $25.00 | $25.00 |
| Late Pay Penalty | $518.44 | $70.13 |
| Attorney's Fees | $234.23 | $146.42 |
| Court Costs | $310.00 | |
| Payments/Credits | [$395.37] | |
| Total | $1,726.96 | $878.52 |

Debtors object to City's proof of claim for two reasons: (1) the 2012 taxes were due more than three years before the filing of this bankruptcy case and (2) the fees associated with the 2015 tax bill are a penalty not entitled to priority status. According to Debtors, only the $636.97 for taxes and interest from 2015 should be allowed as a priority tax claim and the remaining $1,968.51 should be a general unsecured claim. City counters that the city ordinance does provide for the collection of fines and attorney's fees as part of the tax.

## DISCUSSION

Priority is determined under 11 U.S.C. § 507. Specifically, priority tax claims are covered by § 507(a)(8). The code grants priority status to

> allowed unsecured claims of governmental units ... for a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition—
> (i) for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition....

§ 507(a)(8)(A)(i). Priority status is only available to taxes due within three years before the petition date. Debtors filed their petition on December 17, 2016. Taxes due before December 17, 2013 do not have priority status. Debtors' 2012 taxes were due on April 17, 2013. Accordingly, Debtors' 2012 taxes are not entitled to priority status.

The remaining issue is whether the fines and fees associated with the 2015 taxes are also entitled to priority treatment. Section 507(a)(8)(G) grants priority to "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss." Generally, fines are not considered compensation for pecuniary loss, but imposed as a punishment or

deterrent.  Blair v. State of Ohio (In re Blair), 302 B.R. 564, 566 (Bankr. N.D. Ohio 2003); see also In re Bliss, No. 12-51105, 2013 WL 3285834 *1 (Bankr. W.D. La. June 27, 2013)(Attorney's fees not granted priority status.).  City argues that its ordinance allows for the collection of these fines and fees.  City is correct that the local ordinance allows for collection of fines and fees associated with collection actions.  However, it does not follow, that the ordinance precludes any fines and fees from being a penalty.  City did not provide any evidence, or argue to the contrary, that the fees and fines associated with the 2015 taxes were intended as anything other than a deterrent.  Accordingly, any fines or fees associated with the 2015 taxes are not entitled to priority status.

According to amounts provided by the City and not disputed by the Debtors, City is entitled to a priority claim for $636.97 for the taxes and interest due in 2015.  The City has a general unsecured claim in the $241.55 in fees and fines related to the 2015 taxes.

## CONCLUSION

Debtors' objection to City's proof of claim is **GRANTED**.  The 2012 taxes were due three years before the filing of the petition and are not entitled to priority status.  Debtors' are also correct that fines and fees associated with the 2015 taxes are not priority claims.  The $636.97 in taxes and interest from 2015 is entitled to priority status.  The City has a general unsecured claim for the remaining $1,968.51 owed.  An order will be entered simultaneously with this opinion.

So ordered.

#   #   #

**Service List**:

Vinson L Robinson
Rhonda K Robinson
2015 Brittini Cir.
Canal Fulton, OH 44614

James R. Galehouse
401 W. Tuscarawas St. NW
Suite 400
Canton, OH 44702

Stephen Ginella
3600 Cleveland Avenue NW, Suit 6
Canton, OH 44709

Toby L. Rosen
Toby L. Rosen, Trustee

400 W Tuscarawas Street
Citizens Bank Bldg. 4th Floor
Canton, OH 44702